**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| BRUCE KERN, | : | |
| | : | Civ. Action No. 18-11953(RMB) |
| Petitioner | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| ERIN NARDELLI, | : | |
| | : | |
| Respondent | : | |

**BUMB**, District Judge

This matter comes before the Court upon the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (Pet., ECF No. 1) filed by Petitioner Bruce Kern ("Petitioner"), an inmate confined in Southern State Correctional Facility in Bridgeton, New Jersey. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases,

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

For the reasons discussed below, the Court dismisses the petition without prejudice because Petitioner's claims are unexhausted.

I.   PROCEDURAL HISTORY

On or about May 7, 2018, Petitioner pled guilty to one count of third-degree burglary in New Jersey Superior Court, Camden County. (Pet., ECF No. 1, ¶¶2, 6.) On June 22, 2018, Petitioner was sentenced to a three-year term of imprisonment. (Id., ¶2.) Petitioner asserts one ground for relief in his habeas petition, that his right to a speedy trial under the Sixth Amendment was violated. (Id., ¶12.)

Petitioner provides two reasons why he did not appeal in state court: (1) state officials have interfered with Petitioner's appellate actions in other cases and Petitioner expects the same will happen if appeal is sought in the present matter; (2) the trial court denied Petitioner relief based on the highest state court's adverse precedent. (Id., ¶8.)

II.   28 U.S.C. § 2254

28 U.S.C. § 2254 provides, in relevant part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
>
> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

>   (A) the applicant has exhausted the remedies available in the courts of the State; or
>
>   (B)(i) there is an absence of available State corrective process; or
>
>   (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

"The exhaustion doctrine [codified in § 2254(b)] is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." Rose v. Lundy, 455 U.S. 509, 518 (1982). "Before exhaustion will be excused, state law must clearly foreclose state court review of unexhausted claims." Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993). A petitioner's belief that his/her claims will fail on the merits in state court does not excuse failure to exhaust under § 2254. Parker v. Kelchner, 429 F.3d 58, 64 (3d Cir. 2005). Further, "[n]othing in the nature of the speedy trial right ... qualif[ies] it as a per se 'extraordinary circumstance' exempt from the exhaustion requirement." Wilson v. Sec'y Pennsylvania Dep't of Corr., 782 F.3d 110, 118 (3d Cir. 2015) (quoting Moore v. DeYoung, 515 F.2d 437, 446 (3d Cir. 1975)).

III. WHETHER THERE IS AN ABSENCE OF STATE CORRECTIVE PROCESS OR CIRCUMSTANCES THAT RENDER SUCH PROCESS INEFFECTIVE TO PROTECT PETITIONER'S RIGHTS

The two reasons Petitioner has advanced to excuse exhaustion

of state remedies are insufficient. First, Petitioner expects interference with his appellate rights based on his appeals of recent convictions. (Pet., ECF No. 1, ¶13.) He asserts that he lost his direct appeal of another conviction for which he is currently serving a sentence because (1) his assigned counsel refused to challenge the lower court's clearly erroneous findings of fact on a pretrial motion to suppress; and (2) an Appellate Division Clerk withheld his pro se brief; and (3) the same Appellate Division Clerk ignored Petitioner's two initial filings with the Appellate Division, which remain unaddressed a year later. Petitioner's disagreement with his assigned counsel in another matter and the delays he experienced in appeal of another matter do not establish there is no available state corrective process to exhaust his state remedies in this matter. Only inordinate delays in state court adjudication of the claims a petitioner seeks to bring in his federal habeas petition may excuse exhaustion prior to filing a federal habeas petition. See e.g. Carter v. Vaughn, 62 F.2d 591, 594 (3d Cir. 1995).

Second, Petitioner argues that circumstances render appeal in the state courts ineffective to protect his rights because "in a pretrial hearing on a pro se motion to dismiss based on the ground raised herein, the trial court found that factual distinctions from the highest state court's controlling precedent would deny petitioner relief." (Affidavit in Supp. of Pet., ECF No. 1 at 11,

4

¶2.) The Third Circuit has rejected futility on the merits as a basis to excuse exhaustion of state court remedies. See Parker, 429 F.3d at 64.

IV. CONCLUSION

In the accompanying Order filed herewith, the Petition for habeas relief under 28 U.S.C. § 2254 is dismissed without prejudice for failure to exhaust state court remedies.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**

**Dated: September 10, 2018**